# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA
## OFFICE OF THE CLERK

**RICHARD H. WEARE**
DISTRICT COURT EXECUTIVE / CLERK OF COURT
SANDRA DAY O'CONNOR U. S. COURTHOUSE,
SUITE 130
401 WEST WASHINGTON STREET, SPC 1
PHOENIX, ARIZONA 85003-2118

Visit our website at www.azd.uscourts.gov

**RONNIE HONEY**
CHIEF DEPUTY CLERK
SANDRA DAY O'CONNOR U. S. COURTHOUSE,
SUITE 130
401 WEST WASHINGTON STREET, SPC 1
PHOENIX, ARIZONA 85003-2118

**WILLIAM M. MCCOOL**
CHIEF DEPUTY CLERK
EVO A. DECONCINI U.S. COURTHOUSE
405 W. CONGRESS, SUITE 1500
TUCSON, ARIZONA 85701-5010

October 22, 2007



United States District Court
Southern District of California
4290 Edward J. Schwartz United States Courthouse
940 Front Street
San Diego, CA 92101

Dear Clerk,

RE:    CV 07-1890-PHX-NVW

Pursuant to the order of this court, the above captioned case is being transferred to your Court for all further proceedings. Enclosed is certified copy of the transfer order and docket sheet. The complete case file may be accessed via our website at: www.azd.uscourts.gov.

Please acknowledge receipt of the same and indicate your district's case number on the enclosed copy of this letter and return. Thank you.

Sincerely,

RICHARD H. WEARE, Clerk/DCE

 S/ K. Gerchar
K. Gerchar, Deputy Clerk

cc: all counsel

---

Receipt is acknowledged of the documents described herein.

New Case Number: O7CV 2057 JAH (LSP)

Deputy Clerk

---

*The staff of the Clerk's Office ensures the effective, efficient and professional delivery of clerical and administrative services, while fostering a customer-friendly and employee-friendly environment.*

1                                                                                                    SC

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                         **FOR THE DISTRICT OF ARIZONA**

8

9
Cyrus Keki Maloo,                        )    No. CV 07-1890-PHX-NVW (JCG)
10                                       )
                    Petitioner,          )    **ORDER**
11                                       )
vs.                                      )
12                                       )
Warden Bruno Stolc,                      )
13                                       )
                    Respondent.          )
14  _____)

15          Petitioner Cyrus Keki Maloo, who is currently confined in the Eloy Detention Center

16  (EDC) in Eloy, Arizona,[1] has filed a *pro se* "Petition Under 28 U.S.C. § 2254 for Writ of

17  Habeas Corpus by a Person in State Custody" naming EDC Warden Bruno Stolc as

18  Respondent.  (Doc.# 1.)[2]  Petitioner has not paid the $5.00 filing fee.  (Id.)  Petitioner

19  challenges his criminal conviction and sentence entered in California state court.  Petitioner

20  has also filed a "Motion for Temporary Restraining Order to Stay Further Deportation

21  Proceedings Until After his 28 U.S.C. § 2254 Has Been Adjudicated." (Doc.# 3.)  The Court

22  will transfer this action to the District of California pursuant to 28 U.S.C. § 1404(a) and deny

23  the motion for a temporary restraining order.

24  /      /      /

25  /      /      /

26  _____

27      [1]  Immigration and Customs Enforcement (ICE) currently has legal and physical
    custody of Petitioner as an immigration detainee.
28
        [2]  "Doc.#" refers to the docket number of documents filed in this case.

## I. Background

Petitioner alleges the following facts. Petitioner was convicted of arson of an inhabited structure in the Superior Court of California, Northwest District pursuant to a guilty plea and sentenced to three years in prison on June 27, 2005. (Doc.# 1 at 2.) Petitioner did not file a direct appeal. ICE apparently initiated deportation proceedings against Petitioner based upon his California conviction.

## I. Motion for a Temporary Restraining Order

In his motion for temporary restraining order, Petitioner asks the Court to stay his deportation proceedings pending resolution of his § 2254 petition. As an initial matter, the Court has been informed by ICE General Counsel that a final order of removal has not been entered against Petitioner and that a master hearing in Petitioner's deportation proceedings is not scheduled to occur until November 1, 2007. In short, removal from the United States is not imminent.

Further, a petitioner seeking to challenge deportation proceedings must file a petition pursuant to 28 U.S.C. § 2241. Magana-Pizano v. INS, 200 F.3d 603, 609 (9th Cir. 1999). Petitioner may not seek relief with respect to his immigration proceedings in an action brought pursuant to 28 U.S.C. § 2254. For these reasons, Petitioner's motion for a temporary restraining order will be denied.

## II. Transfer of Venue

A district court may transfer "any civil action to any other district or division where it might have been brought" for the convenience of the parties and witnesses or in the interest of justice. 28 U.S.C. § 1404(a). The decision to transfer under § 1404(a) lies within the discretion of the district court and should be determined based upon notions of convenience and fairness on a case-by-case basis. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).

### A. This Action Could Have Been Brought in the District of California

Jurisdiction to hear a habeas corpus petition lies in any district court having jurisdiction over the petitioner's custodian. See Braden v. 30th Jud. Circuit Court of Ky, 410

- 2 -

1  U.S. 484, 495 (1973) (construing 28 U.S.C. § 2241(a)). A district court can issue a habeas

2  writ "within its jurisdiction" so long as the custodian can be reached by service of process.

3  Id. In amending the habeas corpus statutes, Congress has indicated that a habeas case should

4  be "resolved in the court which originally imposed the confinement or in the court located

5  nearest the site of the underlying controversy." Id. at 497 (citing H. R. Rep. No. 1894, 89th

6  Cong., 2d Sess. (1966); S. Rep. No. 1502, 89th Cong., 2d Sess. (1966) U.S. Code Cong. &

7  Admin. News 1966, p. 2968; and United States v. Hayman, 342 U.S. 205 (1952)); see also

8  Ortiz-Sandoval v. Gomez, 81 F.3d 891, 895 (9th Cir. 1996) (citing Braden, 410 U.S. at 498-

9  99); McCool v. New York State, 29 F.Supp.2d 151, 158 (W.D.N.Y. 1998).

10      The conviction and sentence Petitioner challenges in this action were entered in

11  California state court. Therefore, this § 2254 action could have originally been brought in

12  the Southern District of California.[3]

13  **B. Convenience of the Parties and Witnesses/Interests of Justice Favor Transfer**

14      Both convenience and the interest of justice will best be served by transferring this

15  case to the Southern District of California. Petitioner was convicted and sentenced in

16  California and it is in California that relevant records and witnesses are likely to be found.

17  See Braden, 410 U.S. at 493-94. Moreover, before any federal court could reach the merits

18  of this case, it would first have to resolve the threshold issue of whether Petitioner has

19  exhausted his state court remedies; a federal court in the Southern District of California will

20  be more familiar with that State's laws and procedures. See id., at 499. Further, the State

21  of Arizona has no interest in the subject matter of this case, whereas the State of California

22  has a strong interest in the subject matter. See Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir.

23  1987) (a litigant's choice of forum is entitled to only minimal consideration "if the operative

24  facts have not occurred within the forum and the forum has no interest in the parties or the

25  subject matter").

26  /      /      /

27  _____

28  [3] If Petitioner is no longer "in custody" pursuant to a state court judgment, he may not
seek relief under 28 U.S.C. § 2254.

- 3 -

1    **IT IS ORDERED**:

2        (1)    The Motion for Temporary Restraining Order is **denied**. (Doc.# 3.)

3        (2)    The Petition must be transferred to the United States District Court for the

4    District of California pursuant to 28 U.S.C. § 1404(a). (Doc.# 1.)

5        DATED this 5th day of October, 2007.

6

7                                        _Neil V Wake_

8                                        _____
                                         Neil V. Wake
                                         United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24                          I hereby attest and certify on 10/22/07
                            that the foregoing document is a full, true and correct
25                          copy of the original on file in my office and in my cus-
                            tody.
26                               CLERK, U.S. DISTRICT COURT
                                    DISTRICT OF ARIZONA
27                          By _____ Deputy

28

- 4 -

CASREF, HABEAS, PPS, TRANSFER-OUT

# U.S. District Court
## DISTRICT OF ARIZONA (Phoenix Division)
## CIVIL DOCKET FOR CASE #: 2:07-cv-01890-NVW--JCG

Maloo v. Stolc
Assigned to: Judge Neil V Wake
Referred to: Jennifer C Guerin (PS)
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 10/03/2007
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**

**Cyrus Keki Maloo**
*A#29306942*

represented by **Cyrus Keki Maloo**
A# 29306942
DC-Eloy
Detention Center
1705 E Hanna Rd
Eloy, AZ 85231
PRO SE

V.

**Respondent**

**Bruno Stolc**
*Warden*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/03/2007 | 1 | PETITION for Writ of Habeas Corpus, filed by Cyrus Keki Maloo. (Attachments: # 1 Exhibit)(HIH) (Entered: 10/03/2007) |
| 10/03/2007 | 2 | NOTICE OF ASSIGNMENT: (HIH) (Entered: 10/03/2007) |
| 10/03/2007 | 3 | MOTION for Temporary Restraining Order to Stay Further Deportation Proceedings Until After His 28 U.S.C. 2254 Has Been Adjudicated by Cyrus Keki Maloo. (KMG) (Entered: 10/04/2007) |
| 10/09/2007 | 4 | ORDER denying Petitioner's 3 Motion for Temporary Restraining Order. The Petition must be transferred to the United States District Court for the District of California pursuant to 28 U.S.C. 1404(a) 1. Signed by Judge Neil V Wake on 10/5/07.(KMG) (Entered: 10/09/2007) |
| 10/22/2007 | 5 | Case transferred to Southern District of California. Certified copy of transfer order, and docket sheet sent. (KMG) (Entered: 10/22/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/22/2007 13:55:15 | | | |
| **PACER Login:** | us4935 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:07-cv-01890-NVW--JCG |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

I hereby attest and certify on: 10/22/07
that the foregoing document is a full, true and correct
copy of the original on file in my office and in my cus-
tody.
CLERK, U.S. DISTRICT COURT
DISTRICT OF ARIZONA
By _____ Deputy

```
┌─────────────────────────────────┐
│ ___ FILED      ___ LODGED        │
│ ___ RECEIVED   ___ COPY          │
│                                  │
│        OCT 0 3 2007              │
│                                  │
│   CLERK U S DISTRICT COURT       │
│    DISTRICT OF ARIZONA           │
│ BY_____ S  DEPUTY        │
└─────────────────────────────────┘
```

Cyrus Maloo
A# 29306942
Eloy Detention Center
1705 East Hanna Road
Eloy, AZ 85231

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA, Phoenix

| | |
|---|---|
| **CYRUS MALOO, A# 29306942,** | **CASE NO.** CV07-1890-PHX-NVW (JCG) |
| **Petitioner,** | |
| **vs** | **PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY.** |
| **BRUNO STOLC, WARDEN,** | |
| **Respondent.** | |

**PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY, WITH ATTACHED
SUPPLEMENT/MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF.**

_____
Cyrus Maloo, pro se

Page 2

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | |
|---|---|
| Name (under which you were convicted):<br>Cyrus Keki Maloo | Docket or Case No.: |
| Place of Confinement: Eloy Detention Center<br>1705 East Hanna Road          Eloy, AZ 85231 | Prisoner No.:<br>A# 29306942 |

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| **CYRUS KEKI MALOO**          v. | **BRUNO STOLC, Warden** |

| The Attorney General of the State of   **California, Edmund G. Brown Jr.** |
|---|

**PETITION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: _____
      Superior Court of California, Northwest District

      14400 Erwin Street Mall      Van Nuys, California 91401

      (b) Criminal docket or case number (if you know):   LA 047232

2.  (a) Date of the judgment of conviction (if you know): _____

      (b) Date of sentencing:   June 27, 2005

3.  Length of sentence:   3 Years

4.  In this case, were you convicted on more than one count or of more than one crime? Yes ☐  No ■

5.  Identify all crimes of which you were convicted and sentenced in this case:   PC § 451 (b);
      Arson of an inhabited structure

      _____

      _____

      _____

      _____

6.  (a) What was your plea? (Check one)

      (1)   Not guilty ☐          (3)   Nolo contendere (no contest) ☐

      (2)   Guilty ■          (4)   Insanity plea ☐

      (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or

      charge, what did you plead guilty to and what did you plead not guilty to?_____

      _____

      _____

      _____

_____
_____

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☐        Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☐  No ■

8. Did you appeal from the judgment of conviction?

Yes ☐  No ■

9. If you did appeal, answer the following:

(a) Name of court: _____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: _____
_____
_____
_____
_____
_____

(g) Did you seek further review by a higher state court?   Yes ☐  No ☐

If yes, answer the following:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Result: _____
_____

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____
_____
_____
_____

(h) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐  No ☐

If yes, answer the following:

(1) Docket or case number (if you know): _____

Page 4

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☐  No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?        Yes ☐  No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?    Yes ❑    No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____
_____
_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?    Yes ❑ No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    Yes ❑    No ❑

(2) Second petition:    Yes ❑    No ❑

(3) Third petition:    Yes ❑    No ❑

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:
_____
_____
_____

Page 6

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts and law supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE:  Sixth Amendment Violation; Ineffective Assistance of Counsel

(a) Supporting facts and law (State the specific facts and law that support your claim.):

   **Please see attached Supplement/Memorandum in Support**

(b) If you did not exhaust your state remedies on Ground One, explain why:  Defense Counsel told Petitioner that he had no right to appeal on any ground.

(c) Direct Appeal of Ground One:

   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐  No ☐

   (2) If you did not raise this issue in your direct appeal, explain why: _____

(d) Post-Conviction Proceedings:

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?          Yes ☐  No ■

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: _____

   Name and location of the court where the motion or petition was filed: _____

Page 7

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?

    Yes ☐   No ☐

(4) Did you appeal from the denial of your motion or petition?

    Yes ☐   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

_____

_____

**GROUND TWO:**   **Fifth Amendment Violation; Plea Agreement was not Knowingly,**

**Intelligently, or Voluntarily Entered Into**

(a) Supporting facts and law (State the specific facts and law that support your claim.):

_____**Please see attached Supplement/Memorandum in Support**_____

_____

_____

_____
_____
_____

**(b) If you did not exhaust your state remedies on Ground Two, explain why:** Ineffective Assistance
of Counsel;  Counsel advised that no appeal could be taken _____

_____
_____

**(c) Direct Appeal of Ground Two:**

    **(1) If you appealed from the judgment of conviction, did you raise this issue?**

        Yes ☐   No ☐

    **(2) If you did _not_ raise this issue in your direct appeal, explain why:** _____

_____
_____

**(d) Post-Conviction Proceedings:**

    **(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a
state trial court?**

        Yes ☐   No ■

    **(2) If your answer to Question (d)(1) is "Yes," state:**

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____
_____

    **(3) Did you receive a hearing on your motion or petition?**

        Yes ☐   No ☐

    **(4) Did you appeal from the denial of your motion or petition?**

        Yes ☐   No ☐

    **(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?**

        Yes ☐   No ☐

    **(6) If your answer to Question (d)(4) is "Yes," state:**

    Name and location of the court where the appeal was filed: _____

_____

Page 9

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this

issue: _____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative

remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

_____

_____

_____

**GROUND THREE:**   N/A _____

_____

(a) **Supporting facts and law** (State the specific facts and law that support your claim.):

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑  No ❑

(2) If you did **not** raise this issue in your direct appeal, explain why: _____

_____

_____

Page 10

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?          Yes ☐  No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?

   Yes ☐  No ☐

(4) Did you appeal from the denial of your motion or petition?

   Yes ☐  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

   Yes ☐  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

_____

Page 11

**GROUND FOUR:** __N/A_____

_____

(a) Supporting facts and law (State the specific facts and law that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

_____

(c) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐    No ☐

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a

    state trial court?        Yes ☐ No ☐

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) Did you receive a hearing on your motion or petition?

        Yes ☐    No ☐

    (4) Did you appeal from the denial of your motion or petition?

        Yes ☐    No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ▢ No ▢

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

13. Please answer these additional questions about the petition you are filing:

  (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    Yes ▢  No ■

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: <u>Grounds One and Two were not previously presented because defense counsel advised Petitioner that he could not appeal; Any appeal or remedy filed to the State would now be untimely due to counsel's faulty advice.</u>

_____

  (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: <u>For the reasons stated in 13 (a) neither ground was presented</u>

_____

_____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    Yes ▢  No ■

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available.

N/A

_____

_____

_____

_____

_____

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?      Yes ■    No ❑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.   Superior Court of California, Northwest District

14400 Erwin Street Mall  Van Nuys, CA 91401  Motion to Vacate and Dismiss original

charges on the ground that the plea agreement was coerced when Defendant was under

duress and was not knowingly, intelligently or voluntarily entered into

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:  Leonard Ference

1827 Florida Ave, NW Apt 102 Washington, DC 20009

(b) At arraignment and plea:  Same

(c) At trial:  N/A

(d) At sentencing:  Same

(e) On appeal:  N/A

(f) In any post-conviction proceeding:  N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:  N/A

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ❑   No ■

Page 14

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?     Yes ☐  No ☐

18. **TIMELINESS OF PETITION:** If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*   Petitioner was given faulty advice regarding his right to appeal;
     Petitioner was advised by counsel that he would not be deported; However, Petitioner is
     now being held for deportation (2 years later)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Therefore, petitioner asks that the Court grant the following relief: Reverse the State Court's
  finding(s) and the plea agreement because Defendant-Petitioner was not guilty of arson and was
  coerced into the plea; Appoint competent counsel to represent in any further proceedings;

or any other relief to which petitioner may be entitled.

                                              N/A  Pro se _____

                                              Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct
and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on
___9 . 27 . 07_____ (month, date, year).

Executed (signed) on ___9 . 27 . 07____ (date).

                                      _____

                                      Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is
not signing this petition. __N/A_____
_____
_____

* * * * *

## SUPPLEMENT/MEMORANDUM IN SUPPORT

**PROLOGUE:**

In the interest of Justice, this writ should be heard and acted on accordingly.

Defendant-Petitioner Cyrus Keki Maloo (Hereinafter, "Maloo") was railroaded by a greedy attorney. The attorney that represented Maloo in the criminal proceedings also represented him in an automobile accident claim prior to the unrelated criminal proceeding. Due to a tragic automobile accident Maloo sustained traumatic brain damage and is now mentally challenged. Maloo has also been diagnosed with severe bipolar.

Accompanying this writ is a copy of Maloo's medical records, including a form from Maloo's doctor stating that Maloo should be on disability and has severe headaches on a daily basis. Maloo also has behavioral abnormalities, frequent mood swings, etc.

Maloo's personal injury attorney, in a quest for another chunk of Maloo's settlement money, hoodwinked a man whose mental state was definitely out of tune with reality to allow him to defend him and to plead guilty to a charge of arson knowing full well that the fire was an accident. Counsel also told Maloo that he would not be deported if he pleaded guilty to the charge. Subsequently, counsel told Maloo that he could not appeal the court's decision.

When this Honorable Court takes into consideration the Supplement in Support of Maloo's 2254 and Maloo's physician's report(s), the truth will be evident and, even though Maloo is late in filing his writ of habeas corpus, may very well determine that the time for bringing his petition should be tolled.

/ / / / / / / / / /

/ / / / / / / / / /

/ / / / / / / / / /

**GROUND ONE: Sixth Amendment Violation; Ineffective Assistance of Counsel Throughout the Criminal Proceedings**

Retained Defense Counsel, Leonard Ference was not a criminal defense attorney. Ference was/is a personal injury lawyer whose only interest and concern in this case was monetary. Ference had represented Maloo in a personal injury case for which he was well compensated. Knowing that Maloo had a large sum of money from the personal injury claim, (the result of an accident that left Maloo with mental and emotional injury due to severe head trauma), Ference charged Maloo a hefty fee and proceeded to represent Maloo without having the skills necessary to defend in a criminal case. Based on the type and gravity of the offense Maloo was charged with, he was entitled to a vigorous advocate, a lawyer, trained in criminal defense, a lawyer who would fight for him.

Ference manipulated and programmed Maloo into believing that he was receiving a great deal and to respond as though he was satisfied with the proffer and Ference's performance at the plea hearing. However, because Maloo was not actually guilty of breaking any laws, Ference knowingly gave Maloo bad advice. Ference's representation was ineffective under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed 2d 674 (1984). The Sixth Amendment guarantees the right to effective assistance of counsel in criminal prosecutions. *McMann v. Richardson*, 397 U.S. 749 (1970), *Cuyler v. Sullivan*, 446 U.S. 335 (1980); *Morrison v. Duckworth*, 898 F.2d 1298 (7th Cir 1990); *Shaddy v. Clark*, 890 F.2d 1016 (8th Cir 1989) (per curium); *U.S. v. Angelone*, 894 F.2d 1129 (9th Cir 1990); *Strickland v. Washington*, 466 U.S. 668 (1984); *U.S. v. Cronic*, 466 U.S. 648, 653, 80 L.Ed.2d 657, 104 S.Ct. 2039 (1984)("Without counsel, the right to a trial itself would be of little avail'")); *Bolander v. Singletary*, 16 F.3d 1547 (11th Cir1994); *Battle v. Delo*, 28 F.3d 1547 (8th Cir 1994).

17

In *Strickland v. Washington,* 466 U.S. 668 (1984), the U.S. Supreme Court established a two-prong test with which to evaluate ineffective assistance of defense counsel claims: **(1)** That counsel's performance fell below an objective standard of reasonableness, and **(2)** That counsel's deficient performance prejudiced the defendant, resulting in an unreliable or fundamentally unfair outcome of the proceedings. *Lockhart v. Fretwell,* 506 U.S. 364; 113 S.Ct. 838; 122 L.Ed 2d 180 (1993) quoting *Strickland, supra* at page 687; *U.S. v. Springs,* 988 F.2d 746 (7th Cir 1993); *Kyles v. Whitley,* 5 F.3d 806 (5th Cir 1993) cert. Granted 114 S. Ct 1610 (1994); reasonable probability of a different result with effective assistance. Both prongs in the case at bar can be met.

Ference knew full well, and the court was also aware, that Maloo had suffered severe head trauma in an accident. Ference knew that Maloo had mental problems as a result of the accident that caused the severe head trauma. In fact, Ference stated that his client was temporarily insane at the time this case was evolving. Maloo was in a state of depression and was taking prescribed drugs in an attempt to end his life. Maloo, a habitual smoker, was smoking at the time of the incident. In his depressed mental state and under the influence of prescription drugs, Maloo flicked a cigarette at, what he believed to be, an open window. However, the window screen propelled the still lit cigarette butt back into the condo. Maloo did not have any intention of starting a fire. This was clearly an accident, not an intentional act of arson.

As stated in the death of Pro Wrestler Chris Benoit; Benoit suffered brain damage from head trauma. Head trauma can cause substances called tau proteins to build up in the brain, which in turn can trigger a toxic release of phosphorous, killing brain and nerve cells. "These extreme changes throughout Chris Benoit's brain are enough to explain aberrant behavior, including

suicide and even homicide," said Julian Bailes, chairman of neurosurgery at West Virginia University and a founding member of the Sports Legacy Institute.

Benoit's brain showed the same degenerative processes that doctors working for the institute found in the brains of four men who had played pro football and committed suicide.

The post-mortem diagnosis: Chronic Traumatic Encephalopathy (CTE), a form of brain damage that is associated with blows to the head and was found in former NFLers Mike Webster, Terry Long, Andre Waters and Justin Strzelczyk.

Maloo wanted to die; to end his suffering; not to cause harm to his family or home. Maloo loves his family and would never intentionally harm them.

There is no question that Maloo tried to put the fire out. He was laboring under the influence of the pills he had taken and his efforts were futile. Maloo did not want to be burned to death; he wanted the pills to painlessly kill him. When Maloo was unable to get the fire out, and the fire department and police had arrived and were attempting to put out the fire and save Maloo's life, Maloo, lost in his delusional aberrant behavior, donned a mask and fetched an unloaded gun. Maloo was determined to die. The pills were obviously not doing the job Maloo expected of them. When Maloo stepped outside he was contemplating finishing his task another way. Maloo had no ammunition, just an empty gun. The police knew Maloo's state of mind and knew that his gun was empty. The officers fired sixty (60) shots in Maloo's direction; yet Maloo was not hit by any of the bullets fired in his direction.

The police, realizing Maloo's fragile mental state, were not attempting to harm Maloo but rather to subdue him. The police displayed absolute wisdom and control in this case. However, the District Attorney in this case chose to bring pain and added mental stress to an already mentally distressed Maloo.

19

The court exacerbated the problem when it permitted the over zealous District Attorney to prosecute Maloo. No reasonable fact-finder would have allowed this case to proceed. To make matters worse, the court at the plea hearing phase of the proceedings, had questions regarding Maloo's understanding and knowledge of the plea process presented by someone other than the court. It is the obligation of the court to present questions at the plea hearing.

Now, due to the chain of events, Maloo is facing exile to a country that is foreign to him. It is unreasonable to believe that Maloo would agree to give up his family and home for a life of exile. Maloo's plea was not knowingly and voluntarily because it was induced by Counsel's faulty legal advice. *See*, *United States v. Streater*, 70 F.3d 563 (5th Cir. 1993). Leonard Ference boldly fabricated to his long time client that a term of probation would be imposed upon him and that he need not worry himself about deportation. Ference's lack of defense skills and faulty decisions and advice have ruined Maloo's life and Maloo's family's lives.

The Prosecutor, knowing full well the facts of this case, should have realized and most likely did realize that Maloo did not commit a criminal act. Hell bent on another notch in the proverbial career belt, the prosecutor pushed for a conviction. No aggravated felony existed in this case; it was an unfortunate accident caused by a very depressed and delusional man. Maloo should have been placed in a medical facility equipped to help him, not a prison.

For the points of authority and reasons stated herein Ground One, the conviction and sentence in this case must be set aside and the charges must be dismissed with prejudice.

**GROUND TWO: Fifth Amendment Violation; Due Process – Coerced Plea**

The court, in *Santobello v. New York*, 404 U.S. 257 30 L.Ed 2d 427, 92 S.Ct 495 (1991) held that plea bargain agreements must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. There were no safeguards for Maloo in this case. There

20

was no written plea agreement in this case. If the agreement had been put into writing counsel would have had to explain to Maloo what the agreement entailed. Instead, just before going to court counsel told Maloo to just plead guilty. Counsel also told Maloo to just answer "yes" to every question the court asked regarding his understanding of the proceedings. Counsel programmed Maloo like a robot. In *United States v. Herrera*, 265 F.3d 349 (6th Cir. 2001), the court held that; a plea agreement need not be in writing, although a written agreement is the preferred practice.

The court in *Turner v. Calderon*, 281 F.3d 851 (9th Cir. 2002) held that a defendant has the right to make reasonably informed decision whether to accept a plea offer. Maloo wasn't afforded any rights to do anything due to his attorney's incompetence. Maloo would never have agreed to be exiled to a place where he would not have his family, a home, or the medical care he needs.

In *Grabowski v. Jackson County Public Defenders' Office*, 47 F.3d 1386 (5th Cir. 1995) the court held that to be valid, a guilty plea must be knowingly, intelligently and voluntarily entered, defendant must be shown to understand nature of charges and consequences of plea. In this case Attorney Leonard Ference misrepresented the entire plea process to Maloo. Counsel claimed that Maloo was insane when the incident occurred, then proceeded to tell Maloo to plead guilty, go to prison and, subsequently be exiled from his family and home to a foreign country. Maloo did not knowingly, intelligently, or voluntarily enter into any plea agreement.

Legal innocence is a fair and just reason to withdraw a guilty plea. See *United States v. Salgado-OCampo*, 159 F.3d 322 (7th Cir. 1998). Maloo was/is innocent. Even though his sentence has been served, the plea agreement must be set aside and the charge against Maloo must be dismissed with prejudice.

# CONCLUSION

Maloo respectfully moves this Honorable Court to see the injustice in this case and to reverse and hold the State of California to a standard of justice more becoming of a civilized society.

Maloo was/is innocent of any charges that were brought against him while in a state of diminished capacity. Maloo would never have intentionally caused a fire in his own home, as evidenced by the medical reports that accompany this petition. Maloo needed to be hospitalized, not incarcerated.

It has been said "It is just as well that Justice is blind; she might not like some of the things done in her name if she could see them."

For the points of authority and reasons stated herein, the conviction and sentence in this case must be set aside and the charges must be dismissed with prejudice.

Respectfully submitted this 9th day of September, 2007.

Cyrus Keki Maloo, pro se

22

# CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Petition, attached Memorandum in Support, and

accompanying Medical Reports, have been sent this 27 day of September, 2007 by placing

the same in the United States Mail, First Class postage prepaid for delivery to;

Bruno Stolc, Warden
Eloy Detention Center
1705 East Hanna Road
Eloy, AZ 85231

**AND**

Honorable Edmund G. Brown Jr., Attorney General
Attorney General's Office
California Department of Justice
P.O. Box 944255
Sacramento, CA 94244-2550

Cyrus Maloo

Mailed pursuant to the "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988)

**MEDICAL RECORDS**

# NHMC-RBC-MENTAL HEALTH SERVICE
## PATIENT AFTERCARE PLAN

PATIENT'S NAME: *Cyrus Maloo*   DISCHARGE DATE: 7/28/03

PSYCHIATRIST *Dr. Grosz*   PHONE NUMBER 818 - 885 - 7383

NATURE OF PROBLEM/ILLNESS: [ ] SEE ATTACHMENT: [PATIENT/FAMILY/EDUCATION

*Impulse Control Disorder*

EXPECTED COURSE OF RECOVERY:[ ]SEE ATTACHMENT[PATIENT/FAMILY/EDUCATION

*Remains Guarded*

RECOMMENDED FOLLOW-UP [ ] REFER TO NURSING DISCHARGE FORM FOR FOLLOW UP APPOINTMENTS.

MEDICATION & INSTRUCTIONS: [ ] SEE ATTACHED MEDICATIONS SHEET AND PATIENT/FAMILY ED. FORM AND NURSING DISCHARGE FORM FOR ADDITIONAL INSTRUCTIONS.

### REFERRALS

NAME/AGENCY *Vivek Sahir M.D.*

ADDRESS *7320 Woodlake Ave   Suite 250, West Hills Calif 91307*

PHONE *(818) 593-2191*

NAME/AGENCY *Dr. Spindell*

ADDRESS *West Hills*

PHONE *(818) 883 - 6978*

COMMENTS: *Share! 1310 - 305 - 8878*

COMMENTS: *Community Resource Info : 1-800 - 339 - 6993*

I HAVE RECEIVED A COPY OF THIS AFTERCARE PLAN WITH ALL ATTACHMENTS

X _____   7/28/03
PATIENT'S SIGNATURE                 DATE

_____
PARENT/CONSERVATOR/GUARDIAN SIGNATURE   DATE

DESIGNATED RECIPIENT SIGNATURE    RELATIONSHIP TO PATIENT   DATE
PATIENT DECLINES TO DESIGNATE ANOTHER PERSON TO RECEIVE A COPY OF THIS PLAN

PATIENT'S SIGNATURE                 DATE

_____      _____  7/28/03
STAFF NAME ( PLEASE PRINT)         SIGNATURE            DATE

4/03 (ORINGINAL TO PATIENT-COPY TO PATIENT CHART
CHW                                      NORTHRIDGE HOSPITAL

**MALOO, CYRUS K**                          Y
**MR  81-25-75**
GROSZ, DANIEL                              F/C: 5011
DOB 10/30/71  31Y M
7/18/03 ERSNHF

36089035

CONSULTATION

PATIENT NAME:   MALOO, CYRUS KEKI
CONSULTING PHYSICIAN:   VIVEK SAVUR, M.D.
REQUESTING PHYSICIAN:   DANIEL GROSZ, M.D.

NEUROLOGICAL CONSULTATION

Date of Consultation:   07/24/2003

Dear Dr. Grosz:

Thank you for your referral of this 31-year-old gentleman who is seen in neurological consultation of severe headaches and cognitive difficulties.  This gentleman was involved in a motor vehicle accident in which the car in which he was riding as a passenger was struck by another vehicle, the patient suffering multiple facial fractures as well a compound fracture of his mandible, cerebral contusions with hemorrhagic contusion in the left frontal lobe.  He was initially unconscious for an indeterminate period of time, probably a few minutes, then subsequently admitted to Northridge Hospital Medical Center where he was operated on by Dr. Marc Kerner.  He was in the ICU for a number of days during which time he demonstrated occasional bizarre behavior and disorientation.  Initially, his memory impairment was quite severe, but it gradually improved.

When I saw him in the office a month or so later, he had begun to have some mild left-sided headaches.  His cognitive impairment and the headaches were of some concern and he was started on Aricept 10 mg daily.  He was advised to see Dr. Spindell for formal psychological testing, but then he was lost to follow-up. Fortunately, he called back again about a month later and the symptoms were persist and in fact, getting worse, so I advised him to see Dr. Spindell.  He was also started on Aricept 10 mg daily and given some Midrin for the headache, which initially was occasional.  The headaches started to get worse, accelerated more in terms of frequency, as well as intensity, until he began to get them nearly every day and were of considerably more intense. Unfortunately, he did not seek any medical advice.  He describes blinding left hemispheric headaches, sometimes they become generalized associated with photophobia and phonophobia, with nasal congestion and sometimes drooping of the left upper eyelid.

---

Northridge Hospital
Medical Center
18300 Roscoe Boulevard
Northridge, California 91328
(818) 885-8500

Patient:  MALOO, CYRUS KEKI
Doctor:  VIVEK SAVUR, M.D. {}
Med Rec#:  81-25-75
Room #:  IL22310B
Date of Admission:  07/18/2003

CONSULTATION

(VIVEK SAVUR, M.D.'S COPY)

He was seen in the office in March and discharged to go back to work in April, at his insistence, as he felt good or needed to maintain a full time job because of his finances. It appears that he was having some difficulty at work concentrating, especially with his mathematical abilities which were severely impaired. He then started developing behavioral abnormalities. He then started to demonstrate some disturbing behavior with frequent mood swings, difficulty having control, sometimes unprovoked. Finally, he got into a physical altercation with his wife. What exactly happened at home is not clear. Evidently, she accosted him with a stick and he retaliated by pulling the stick away from her and hitting her with it. He has little recollection of this at present, but he does remember striking her.

He had an MRI scan of the brain done in March of this year, which did not demonstrate an abnormalities and an electroencephalogram, again March, which was normal. The other concern that I had at the time was that he was having epileptic attacks manifesting themselves as psychomotor fugues.

He had been admitted following incarceration for a few days following the assault. Presently, he is on _____ and is doing much better. The headaches seem to have improved considerably. These headaches are mostly left-sided and seem to be preceded by a sensation of being clubbed followed by a half hour or 20 minutes later by the back of the head feeling as if it is going to explode. There is no associated tinnitus, no difficulty chewing or swallowing. The headache will last for about six hours and at this time, he has to lie down. There is no focal weakness or numbness and the headache seems to exhaust him the rest of the day. In-between, he gets a bifrontal headache, which has been present virtually every day, all day, but it is usually relieved by Advil.

The other problem are his cognitive difficulties, which have been described by Dr. Spindell in detail.

PAST MEDICAL HISTORY:  Otherwise unremarkable except for some mild obsessive-compulsive tendencies. He in generally has enjoyed good physical health except for essential tremor. He has not been on any medication though.

PHYSICAL EXAMINATION

GENERAL APPEARANCE:  The physical examination reveals a well-

---

**Northridge Hospital**
**Medical Center**
18300 Roscoe Boulevard
Northridge, California 91328
(818) 885-8500

Patient:  **MALOO, CYRUS KEKI**
Doctor:  **VIVEK SAVUR, M.D. {}**
Med Rec#:  **81-25-75**
Room #:  **IL22310B**
Date of Admission:  **07/18/2003**

**CONSULTATION**

(VIVEK SAVUR, M.D.'S  COPY)

developed, pleasant gentleman, with multiple facial scars that
appear to be healing.

NEUROLOGICAL EXAMINATION: His neck is supple. He is alert and
oriented to time, place, and person. He is oriented to time,
place and person. His speech is normal. His sensation is
intact. Serial subtraction of 7 was poorly performed, cannot do
beyond 93. He cannot name the last three Presidents. He had
difficulty with memory and retention, he repeats only 8 words out
of 10 at one minute and 5 words out of 10 in two minutes. He is
able to repeat four digits backwards, but can remember 7 forward.
Orientation seems to be relatively intact. There is no
impairment of judgement or flight of ideas. He is not quite
rational. There is no paranoid ideation. The pupils are 3-mm,
round and reactive to light. Extraocular movements are intact.
Field of vision is full. Eye movements are full. Smile is
symmetrical. Gag reflex is intact, uvula is midline. Motor
strength and muscle strength are intact in both the upper and
lower extremities. _____ 2+, there is a three cycle per
second tremor of both hands.

IMPRESSION:
1.     Post-traumatic migraines. Bilateral cerebral hemorrhagic
       contusions with psychophysiologic dysfunction.
2.     Cognitive impairment secondary to automobile accident.

RECOMMENDATIONS: Depakote 1500 mg per day, this is the maximum
dose I would use for headache control. Inderal might also be
considered, both for the tremor as well as the headaches, but
from my memory, it appears he had bene started on Inderal
formerly for the tremor about six to seven years ago, and he had
more difficulties with his cognitive functioning. I would also
add Maxalt as needed to the regimen.




                        VIVEK SAVUR, M.D.

VS:YOG/03783619/ses
D: 07/24/2003    11:12
T: 07/24/2003    21:07
JOB #:85940

CC:  DANIEL GROSZ, M.D.

---

**Northridge Hospital
Medical Center**
18300 Roscoe Boulevard
Northridge, California 91328
(818) 885-8500

Patient:  MALOO, CYRUS KEKI
Doctor:   VIVEK SAVUR, M.D. {}
Med Rec#:    81-25-75
Room #:    IL22310B
Date of Admission:  07/18/2003

**CONSULTATION**

(VIVEK SAVUR, M.D.'S COPY)

# VIVEK SAVUR, M.D.

# AMY ALKIRE, M.D.

**DIPLOMATE, AMERICAN BOARD OF NEUROLOGY**

**ADULT NEUROLOGY**

**Patient Name:**        Maloo, Cyrus
**Office Visit Date:**    04/23/03

Cyrus's headaches are considerably improved.  He continues to have some memory difficulty, irritability, mood swings.  Attention span and retentive memory deficits.

The patient is concerned and anxious to go back to work, however I do not think that he is ready yet, probably 4 weeks from now .  He is concerned that his job may be in jeopardy.  I have advised him to continue Effexor. I will see him again in 4 weeks.

Vivek Savur, M.D.

VS: RS/ip

7320 Woodlake Avenue
Suite 250
West Hills, California 91307
(818) 593-2191 Fax (818) 593-2194

29525 Canwood Street
Suite 202
Agoura Hills, California 91301
(818) 706-3577

DATE:                    July 11, 2003

PATIENT:                 MALOO, CYRUS

Cyrus Maloo is not doing well.   He is having problems with anger control, becoming more disinhibited, with explosions of anger towards his wife as well as towards his small children, ages 2 and 4, which is unwarranted.  Moreover, he is getting paranoid about his children wanting to take him away from the mother, and he understands this is unreasonable.  He is having difficulty at work, not so much with conceptual thinking but with organizational thinking and mathematical ability.

The headaches are better since I started him on Depakote, and I think the mood swings may be improving.   He is currently on 1000 mg a day.

Another severe problem appears to be a persistent sense of panic, inability to deal with situations which involve public speaking or involve being in a room with the other executives.

His resting heart rate is 106.

His memory also is impaired because he has had fugue-like states where he does not know where is driving or what he is doing.  He once drove himself downtown and realized he was not where he was suppose to be.

I would like to put him on disability but he wants to continue working.  I have increased the Effexor to 150 mg a day, Depakote 1000 mg a day, and started him on Xanax XR 2 mg a day.  I would like to see him in a month.  He will call me back in a week.  If he is not better, I am referring him to a psychiatrist.

VIVEK SAVUR, M.D.

VS/dis/lc
Dictated but not reviewed

# VIVEK SAVUR, M.D.

### Diplomate, American Board of Neurology

DATE:  NOVEMBER 8, 2004

PATIENT:  MALOO, CYRUS

Mr. Maloo recently experienced acute exacerbation of previous cognitive and behavioral symptoms as a result of injuries sustained from the automobile accident.

He is undergoing treatment in a secure facility for complications from an organic brain syndrome due to hemorrhagic brain contusions.  It will pose undue hardship on his person to be physically present at the hearing.  To ensure his health and safety he will have to be at the treatment facility for an indefinite period of time.  If he were to leave the hospital, he would have to sign out against medical advice.

VIVEK SAVUR, M.D.

7320 Woodlake Avenue
Suite 280
West Hills, California – 91307,
(818) 593-2891 Fax: (818) 593-2894

29525, Canwood Street
Suite 202
Agoura Hills, California – 91301
(818) 707 - 0952

# VIVEK SAVUR, M.D.

### Diplomate, American Board of Neurology

October 28, 2004

To:  The District Attorney, Los Angeles

Re:  Mr. Cyrus Maloo

Mr. Cyrus Maloo, an unfortunate 32 year old male, has been under my care for head and facial injuries sustained in an automobile accident in November of 2002.

Mr. Maloo was apparently traveling as a passenger in a car which was struck on the side by another vehicle that was pulling out of a side street, resulting in Mr. Maloo suffering severe trauma to the head and face.  He was taken to Northridge Hospital and was found to have multiple orbital fractures, a displaced fractured skull, multiple fractures of the jaw, zygoma and the nose..  He had a complex open frontal sinus fracture, forehead laceration of 11 cm., supraorbital fracture resulting in a proptosis, and airway compromise.   He underwent a tracheotomy, a lateral canthotomy of the right orbit, sinus surgeries and surgeries to repair the jaw.

Up until the accident Mr Maloo was working full-time as a District Manager for Public Storage, a storage company, owned his home, where he lived with his wife of 10 years and 2 young children.  Since then he has lost his job as a District Manager because of headaches which were for the most part controlled with medication, but mostly due to impaired cognition and impaired both fluid and crystallized intelligence.  He has retentive memory impairment even though memory imprintation has been spared.  He has difficulty with mathematical concepts and an inability to retrieve or retain new memory. The loss of his job and his inability to find other employment subsequently resulted in the loss of his home.

7320 Woodlake Avenue
Suite 250
West Hills, California – 91307,
(818) 593-2191 Fax: (818) 593-2194

29525, Cacwood Street
Suite 202
Agoura Hills, California – 91301
(818) 707 - 0952

PATIENT: MALOO, CYRUS
Page 2                                                                    October 28, 2004

His symptom complex is impressive as a direct result of the automobile accident. Apart from the retentive memory deficits and impairment of cognition, his judgement is also impaired although surprisingly, abstraction is spared. Mood and behavior since the accident have been labile, i.e. unsteady, easily disarranged, secondary to frontal lobe hemorrhagic contusions. He is unable to concentrate and has a markedly decreased attention span. He tends to fly off the handle easily and is easily provoked and irritable. Along with this he has severe headaches, insomnia and tremors. He and his wife started having significant marital problems and he moved out of the apartment but subsequently moved back because of the children, but this did not help his state of mind.

For his neurological symptoms he is on Depakote for migraines and mood swings, Zyprexa for psychosis, Xanax for anxiety, Inderal for the tremors and Aricept for the memory. With periodic adjustment of medications, formal psychological follow-up with William Spindel, Ph.D, a psychologist who has been treating Mr. Maloo since the accident, the patient was on the slow road to recovery.

In September of 2004, Mr. Maloo was involved in a 2 car accident with another hit-and-run vehicle, where his car apparently flipped over and was totaled. He struck his head but did not lose consciousness. Since the second accident he has been severely agitated and then developed an acniform rash over his body due to stress, and his migraines have recurred. He has become more forgetful, for instance, he forgot he had an appointment to see me a few days ago, forgets the names and dosage of his medications and he is more tremulous. This second accident unfortunately aggravated the symptoms from his initial head injury.

He now displayed moods of extreme despair, despondency and nihilism, which has been exacerbated by a very trying situation in his home. When I spoke with him on the phone just before the Police arrived, he was experiencing a psychotic break with reality. His wife had reportedly harangued him about his disabilities and he wanted the Police to come and

PATIENT: MALOO, CYRUS
Page 3                                                                    October 28, 2004

shoot him and "put me out of my misery". This state of mind resulted in his volatile and destructive behavior on October 12, 2004, and he was admitted to West Hills Hospital in a comatose state, in shock, from multiple prescription drug overdose.

In my opinion, the overall longterm outlook for this young man is optimistic with continued pharmacological treatment and with the judicious use of psychotherapy.

I am reasonably optimistic that with therapy he will return to a productive status as a taxpaying citizen. Incarceration in a State Prison will not only be counter productive, but more cogently, will do irreparable harm to an eminently salvageable situation.

He should be re-evaluated by a licensed clinical psychologist and/or a psychiatrist more comprehensively, to determine the extent and depth of his deficiency. I am sure Dr. William Spindel would be able to recommend suitable treatment facilities. Neurologically, he is status post hemorrhagic brain contusion with organic brain syndrome with psychosis, possible bipolar illness.

Sincerely,

VIVEK SAVUR, M.D.

# VIVEK SAVUR, M.D.

## DIPLOMATE, AMERICAN BOARD OF NEUROLOGY

DATE: September 5, 2003

PATIENT: MALOO, CYRUS

Mr. Maloo, as of today, still continues to demonstrate significant mood swings, hyper-irritability and severe, intermittent anxiety.

He continues to have significant cognitive problems, impaired executive function and severely impaired mathematical ability, resulting from hemorrhagic cerebral contusions from a car accident in December of 2002.

It might be another year for him to recuperate fully, if at all he does so. In my experience, I don't think he will recover fully to his premorbid status.

VIVEK SAVUR, M.D.
VS/ss

7320 Woodlake Avenue
Suite 250
West Hills, California 91307
(818) 593-2191 Fax (818) 593-2194

29525 Canwood Street
Suite 202
Agoura Hills, California 91301
(818) 707-0962

**WILLIAM A. SPINDELL, Ph.D.**
23101 Sherman Place, Ste. 207
West Hills, CA 91307
Telephone: (818) 883-6976

## DISABILITY CERTIFICATE

Date _9-5-03_

To whom it may concern:

I hereby certify that _CYRUS MALDO_

has been under my professional care, and was:

☑ Totally Incapacitated _See Below._
☐ Partially Incapacitated

From _12-1-02_ To _PRESENT_

Remarks: _SUSTAINED SEVERE SKULL JAW AND OTHER Fx: WHICH HAVE PRECIPITATED SOME REDUCTION IN IMPULSE CONTROL — NOW UNDER MEDICAL CONTROL._

Signed _[signature]_

## CONSULTATION

**PATIENT NAME:** MALOO, CYRUS KEKI
**CONSULTING PHYSICIAN:** VIVEK SAVUR, M.D.
**REQUESTING PHYSICIAN:** DANIEL GROSZ, M.D.

### NEUROLOGICAL CONSULTATION

Date of Consultation:  07/24/2003

Dear Dr. Grosz:

Thank you for your referral of this 31-year-old gentleman who is seen in neurological consultation of severe headaches and cognitive difficulties.  This gentleman was involved in a motor vehicle accident in which the car in which he was riding as a passenger was struck by another vehicle, the patient suffering multiple facial fractures as well a compound fracture of his mandible, cerebral contusions with hemorrhagic contusion in the left frontal lobe.  He was initially unconscious for an indeterminate period of time, probably a few minutes, then subsequently admitted to Northridge Hospital Medical Center where he was operated on by Dr. Marc Kerner.  He was in the ICU for a number of days during which time he demonstrated occasional bizarre behavior and disorientation.  Initially, his memory impairment was quite severe, but it gradually improved.

When I saw him in the office a month or so later, he had begun to have some mild left-sided headaches.  His cognitive impairment and the headaches were of some concern and he was started on Aricept 10 mg daily.  He was advised to see Dr. Spindell for formal psychological testing, but then he was lost to follow-up. Fortunately, he called back again about a month later and the symptoms were persist and in fact, getting worse, so I advised him to see Dr. Spindell.  He was also started on Aricept 10 mg daily and given some Midrin for the headache, which initially was occasional.  The headaches started to get worse, accelerated more in terms of frequency, as well as intensity, until he began to get them nearly every day and were of considerably more intense. Unfortunately, he did not seek any medical advice.  He describes blinding left hemispheric headaches, sometimes they become generalized associated with photophobia and phonophobia, with nasal congestion and sometimes drooping of the left upper eyelid.

---

**Northridge Hospital
Medical Center**
18300 Roscoe Boulevard
Northridge, California 91328
(818) 885-8500

| |
|---|
| Patient: MALOO, CYRUS KEKI |
| Doctor: VIVEK SAVUR, M.D. {} |
| Med Rec#: 81-25-75 |
| Room #: IL22310B |
| Date of Admission: 07/18/2003 |

### CONSULTATION

(VIVEK SAVUR, M.D.'S COPY)

developed, pleasant gentleman, with multiple facial scars that appear to be healing.

NEUROLOGICAL EXAMINATION: His neck is supple. He is alert and oriented to time, place, and person. He is oriented to time, place and person. His speech is normal. His sensation is intact. Serial subtraction of 7 was poorly performed, cannot do beyond 93. He cannot name the last three Presidents. He had difficulty with memory and retention, he repeats only 8 words out of 10 at one minute and 5 words out of 10 in two minutes. He is able to repeat four digits backwards, but can remember 7 forward. Orientation seems to be relatively intact. There is no impairment of judgement or flight of ideas. He is not quite rational. There is no paranoid ideation. The pupils are 3-mm, round and reactive to light. Extraocular movements are intact. Field of vision is full. Eye movements are full. Smile is symmetrical. Gag reflex is intact, uvula is midline. Motor strength and muscle strength are intact in both the upper and lower extremities. _____ 2+, there is a three cycle per second tremor of both hands.

IMPRESSION:
1.    Post-traumatic migraines. Bilateral cerebral hemorrhagic contusions with psychophysiologic dysfunction.
2.    Cognitive impairment secondary to automobile accident.

RECOMMENDATIONS: Depakote 1500 mg per day, this is the maximum dose I would use for headache control. Inderal might also be considered, both for the tremor as well as the headaches, but from my memory, it appears he had bene started on Inderal formerly for the tremor about six to seven years ago, and he had more difficulties with his cognitive functioning. I would also add Maxalt as needed to the regimen.


                                    VIVEK SAVUR, M.D.

VS:YOG/03783619/ses
D: 07/24/2003  11:12
T: 07/24/2003  21:07
JOB #:85940

CC:  DANIEL GROSZ, M.D.

---

| Northridge Hospital<br>Medical Center<br>18300 Roscoe Boulevard<br>Northridge, California 91328<br>(818) 885-8500 | Patient:  MALOO, CYRUS KEKI<br>Doctor:  VIVEK SAVUR, M.D. {}<br>Med Rec#:  81-25-75<br>Room #:  IL22310B<br>Date of Admission:  07/18/2003 |

CONSULTATION

(VIVEK SAVUR, M.D.'S COPY)

April 3, 2003


Robert Hale, M.D.
18546 Roscoe Blvd.  #120
Northridge, CA  91324

RE:  MALOO, Cyrus

Dear Bob,

Cyrus was in on April 3, 2003.  The postoperative CT scan shows
excellent obliteration of the frontal sinus with good apposition of
bone.  His headaches are resolving.  He has a small supraorbital
brow scar which I told him we would deal with in three to four
months, but at this point he is doing quite well.  I am releasing
him to go back to work and he will follow up with me in three
months.

Sincerely yours,

Marc M. Kerner, M.D., F.A.C.S.
Assistant Clinical Professor of Surgery, UCLA
Adjunct Professor of Communication Sciences, CSUN

MMK:els/jlc
cc:  Vivek Savur, M.D.

9350 Roscoe Blvd., Suite 318, Northridge, CA 91325  |  Voice 818.349.0600  |  Fax 818.993.0937
6550 Ventura Blvd., Suite 210, Encino, CA 91436  |  Voice 888.800.9824  |  Fax 818.728.8435  |  www.marckernermd.com

FROM : ECHOESOFINDIA        FAX NO. : 8186596087        Sep. 11 2003 12:22PM  P4

MAR-03-2003 03:07 PM  WILLIAM SPINDELL PHD        818 883 7871        P.01

## MEMO

DATE: 3.3.03

TO: DR. ALLURE SAVUR    888-4599 (fax)
                         /593 2194

FROM: DR. WILLIAM A. SPINDELL
      JAN ABRAHAMS OFFICE MGR. ___

SUBJECT: CYRUS MALOO _____

_____

YOUR REFERENCE #: _____

MESSAGE: Report in dictation. Quick look results:

I.Q. in Bright Normal Range. Pre Morbid I.Q. probably
slightly higher.

Memory - significant deviation from normative level on
all 8 scales of Wechsler Memory Test - Revised. Very distractible

Executive functions - very much impaired. Perseverative.
Difficult for him to adopt new effective strategies.

Hand-Eye: Intention Tremor - some visuomotor deficiencies

Perceptual: Auditory and visual caution in driving urged

Personality - Depressed, legitimate somatic focus, distrusts
thought process integrity

Rec: Not return to work x 2 mos

Will send report as soon as transcription completed

REPLY REQUESTED: ✓                  FOR YOUR INFORMATION: ___

23101 SHERMAN PLACE, SUITE 207, WEST HILLS, CALIFORNIA  91307
TELEPHONE: (818) 883-6876

STATE OF CALIFORNIA
**RECEPTION CENTER MEDICAL CLEARANCE / RESTRICTION INFORMATION CHRONO**     DEPARTMENT OF CORRECTIONS
CDC 128-C-1 (5/97)

| CDC NUMBER | NAME | |
|---|---|---|
| V87319 | Maloo, CYRUS K. | 7-13-05 |

**MEDICAL ELIGIBILITY:**

- ☐ FULL DUTY
- ☐ CAMP
- ☐ CCF
- ☑ RESTRICTED / LIGHT DUTY
- ☐ MEDICALLY UNASSIGNED
  - ☐ LONG TERM
  - ☐ SHORT TERM
- ☐ WELL-HANDICAPPED PROGRAM ELIGIBLE
- ☑ FOOD HANDLING
  - ☐ CLEARED
  - ☐ NOT CLEARED

**MEDICAL RESTRICTIONS:**

- ☐ SEIZURE DISORDER
  DATE OF LAST
  SEIZURE: 2004

OTHER RESTRICTIONS:

PARKINSONS

| INSTITUTION | PHYSICIAN'S SIGNATURE AND TITLE |
|---|---|
| NKSP | |

---

- ☐ CHRONIC INFECTIOUS DISEASE, GROUP I, II, III, IV
- ☐ COMMUNICABLE DISEASE (i.e., TB, HEPATITIS, SYPHILIS)
  - ☐ ROUTINE FOLLOW-UP NEEDED
  - ☐ URGENT FOLLOW-UP NEEDED
- ☐ HEARING IMPAIRED
  - ☐ HAS HEARING AID     ☐ NEEDS H. AID
- ☐ BLIND     ☐ SERIOUS VISION PROBLEM

  MEDICATION ALLERGIES: ☑ NO   ☐ YES

- ☐ DIABETIC: ☐ ORAL   ☐ INJECTION
- ☐ RESPIRATORY, (i.e., ASTHMA)
  ☐ MEDICATION REQUIRED
- ☐ HEART DISEASE / HYPERTENSION
  ☐ MEDICATION REQUIRED
- ☐ ORTHOPEDIC PROBLEM, DEBILITATING
  ☐ LOWER BUNK NEEDED
  ☐ LOWER TIER NEEDED

---

- ☐ MOBILITY IMPAIRED:
  - ☐ PARAPLEGIC     ☐ QUADRAPLEGIC
  - ☐ WHEELCHAIR     ☐ WALKER
  - ☐ CANE
- ☐ AMPUTEE:
  - ☐ LEGS:   L   R
  - ☐ ARMS:   L   R
- ☐ PROSTHESIS:
  - ☐ FULL   ☐ PARTIAL
- ☐ PSYCHIATRIC CONDITION
  - ☐ CLEARED   ☐ NEEDS EVAL.
- ☐ PSYCHIATRIC MEDICATION NEEDED
  - ☐ YES     ☐ NO
- ☑ DENTAL CLASS:  1  2  3  4  5
- ☑ FOLLOW UP NEEDED:
  - ☐ ROUTINE   ☐ URGENT
- ☐ PREGNANT:  TRIMESTER:  1   2   3

DISTRIBUTION:
ORIG - C-FILE     COPY - CDC HEALTH RECORD
COPY - CC I       COPY - INMATE

| DATE |
|---|
| 7/5/05 |

Perma/
chronic
being app___
by DR TATE

NOTE: SEND COPY OF PH____ ___EDICATION
TO PHARMACY AFT__ _____D.

| ime | Problem # | |
|---|---|---|
| 05 | ① | Motrin 200mg po q 6 hours |
| | | prn headaches x 90 days |
| | ② | ~~add to~~ now on temhave chronic care seizures |
| | | program — MDE 90 days |
| 05 | ③ | crono for lower bunk (seizures) |
| 7M | | and 1/4" beard (tremulousness) |
| ④ | | Dilantin level — Elliott NP |
| | | |
| | | |
| 5 | ① | new Dilantin 100mg - 3 caps q hs x 90 days |
| | ② | clarify above motrin x 90 days |
| | | Elliott NP |
| | | A Crom |
| | | Noted/ copy to Pharmacy. ——— _____ |

NKDA    INSTITUTION  CCI    ROOM/WING  L2

CDC NUMBER, NAME (LAST, FIRST, MI)

Maloo — V87319

Confidential
client information
See W & I Code, Sections 4514 and
5328

**PHYSICIAN'S ORDERS**

OSP 00 35617    DEPARTMENT OF CORRECTIONS

| ATE | TIME | |
|---|---|---|
| 0 8 | 2005 | (190) Code 33. New arrival. To us line for seizures and Mental Health follow our patients. Will resume meds for seizures & mental Health tonight. Chart Screen. A. NARDI R.N. |
| -05 | 0900 | ↑ Pt. E. Tersey Ph.D |
| /45 | 1230 | Chart screened at Le CCT. TB code is 33. 128-C on file. Psych aware of CCCMS report status. CCF for seizure disorder. Sheet for labs ordered. |

CCI

| ꞮUTION | PHYSICIAN | ROOM NO. | CDC NUMBER, NAME (LAST, FIRST, MI) |
|---|---|---|---|
| CCI | | | Maloo, C U 87319 |

**PHYSICIAN'S PROGRESS NOTES**

7230 (7/90)

; OF CALIFORNIA                    DEPARTMENT OF CORRECTIONS

# HOUR OUTPATIENT MEDICATION RECORD

CDC CMF-ASU MED/MAR FORM Style #2 (08/93)

| | |
|---|---|
| **1**<br>V-87319  MALOO, C<br>660691- 0     DR: VO<br>ISONIAZID TAB 300MG<br>TABS ON MONDAY/THURSDAY    144<br>*** PILL LINE ***<br>Start: 07/15/2005    Stop: 01/11/2006 | **2**<br>V-87319  MALOO, C<br>660694- 0     DR: VO<br>PYRIDOXINE 50MG    48<br>1 TAB WITH EACH DOSE OF<br>ISONIAZID.** PILL LINE **<br>Start: 07/15/2005    Stop: 01/11/2006 |

**3**
V-87319  MALOO, C
668698- 0     DR: ORUENE, ALAPURO
EXTENDED PHENYTOIN 100MG    270
TAKE 3 CAPSULES AT
BEDTIME DAILY
Start: 10/18/2005    Stop: 01/16/2006

| | |
|---|---|
| **4**<br>V-87319  MALOO, C<br>668699- 0     DR: ORUENE, ALAPURO<br>IBUPROFEN 200MG    360<br>TAKE 1 TABLET EVERY 6<br>HOURS AS NEEDED<br>Start: 10/18/2005    Stop: 01/16/2006 | **5**<br>V-87319  MALOO, C<br>673822- 0     DR: KAMEL L. KAMEL<br>BUSPIRONE 15MG    0<br>*** DISCONTINUED ***<br>Start: 11/04/2005    Stop: 11/06/2005 |

**6**
V-87319  MALOO, C
673823- 0     DR: KAMEL L. KAMEL
SERTRALINE 100MG    0
*** DISCONTINUED ***
Start: 11/04/2005    Stop: 11/06/2005

**8**

**9**

| MONTH: Nov | DAY | MONTH: | DAY | MONTH: |
|---|---|---|---|---|
| | 1 | | 1 | |
| | 2 | | 2 | |
| | 3 | | 3 | |
| | 4 | | 4 | |
| | 5 | | 5 | |
| | 6 | | 6 | |
| | 7 | | 7 | |
| | 8 | | 8 | |
| | 9 | | 9 | |
| | 10 | | 10 | |
| | 11 | | 11 | |
| | 12 | | 12 | |
| | 13 | | 13 | |
| | 14 | | 14 | |
| | 15 | | 15 | |
| | 16 | | 16 | |
| | 17 | | 17 | |
| | 18 | | 18 | |
| | 19 | | 19 | |
| | 20 | | 20 | |
| | 21 | | 21 | |
| | 22 | | 22 | |
| | 23 | | 23 | |
| | 24 | | 24 | |
| | 25 | | 25 | |
| | 26 | | 26 | |
| | 27 | | 27 | |
| | 28 | | 28 | |
| | 29 | | 29 | |
| | 30 | | 30 | |
| | 31 | | 31 | |

Identification of RN/MTA Initials

| Initials: | Name: | Initials: | Name: | Initials: |
|---|---|---|---|---|
| Initials: | Name: | Initials: | Name: L. Wright MTA | Initials: (W) |
| Initials: | Name: | Initials: | Name: | Initials: |

INMATE: MALOO, C    CDC NUMBER: V-87319    HOUSING: EG2-042L

| DATE | TIME | |
|---|---|---|
| /15/05 | 4N | [illegible handwriting] CCIHanel & Dr. Farah |
| 9/29/05 | | [illegible] referred — [illegible] |
| OCT 12 2005 | | labs drawn and sent to lab     [initials] |
| 10-14-05 | 1250 | S.) wants bottom bunk crono + states "tremulous since car accident" no shaving crono 2° to alleged seizures "life ruined by car accident, he tried to commit suicide, set afire, now mis[illegible] +acts as if due to new last mo[nth] hx seizures" |

O.) 98° — 117-12 / 128/87  211#  [occasional h/a (3-4 mo)]
tremulous male, WNWD  A&Ox3,
able to walk on heels +toes, [illegible] visible, CN II-XII intet,
PEARLA. [illegible] multiple face scars. ♡ S1S2 ∅ adv. Lungs CTA - resp
even nml eb - abd. soft, flat, nmtder c̄ BS
no apprec. organomegaly. extremities
bilat eq jd. ppp ∅ edema. extensive docum.
on chart re: car accident in 2003.

A.) PTSS (post trauma stress syndrome);
② seizures + tremulousness ③ headaches 3-4 mo.

P.) ① encourage IM to read stress management
books at library + to verbalize difficulty of
ICU experience. ② lower bunk + shaving crono ¼"
permanent - add to chronic care (seizures)
③ Motrin 200 mg po q 6 hours prn.
E.) discussed stress management, exercise, +diet

| INSTITUTION | PHYSICIAN | ROOM NO. | CDC NUMBER, NAME (LAST, FIRST, MI) |
|---|---|---|---|
| CCI | L | L2 | [signature] J.P. |

# V87319    7/13/2005    NKSP-RC
MALOO, CYRUS
DOB: 10/30/71                AGE: 33

**PHYSICIAN'S PROGRESS NOTES**

DC 7230 (7/90)
ATE OF CALIFORNIA                    DEPARTMENT OF CORRECTIONS

| DATE | TIME | |
|------|------|---|
| 1900 | 1450 | Non compliant c̄ 9 Rx, 9 referral completed |
| 10/8/06 | 1010 | S- Flu on Lab test result drawn loft >125. |
| | | O- WNL F 97, 84, BLP 118/74. |
| | | ENT- clear nasal discharge |
| | | mild pressure maxillary sinus. |
| | | lung exam |
| | | HEART- gyes heart sound |
| | | Abd- soft, non tender, c̄ Normoactive Bs. |
| | | A- Elevated ALT - 94 |
| | | Nasal congestion |
| | | P- Hepatitis panel |
| | | Nasonex # 9gt nostril Daily # 30 day |
| | | Immecconell nrp. |
| | | 10/9/06 Obtan review approved |

INSTITUTION: CCT          HOUSING UNIT

**INTERDISCIPLINARY PROGRESS NOTES**

CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

Mc loo
V87319.

7230 (Rev 04/03)
OF CALIFORNIA                    DEPARTMENT OF CORRECTIONS

# PR**O**HEALTH
### Advanced Imaging Institute

Beverly Hills · Chino · Covina · La Habra · Oceanside · Orange · Oxnard · Palm Desert · Palm Springs · Riverside
Santa Clarita · Tarzana · Temecula · Thousand Oaks · Toluca Lake · Tustin · Ventura · West Hills · West LA
888-329-6011          Fax: 818-710-6311          www.prohealthscan.com

**SAVUR, VIVEK  M.D.**
**7320 WOODLAKE AVE #250**
**WEST HILLS CA 91307**

**PATIENT NAME: MALOO, CYRUS  MRN : 013073**
**DOB: 10/30/1971  AGE/SEX: 31/M**

**EXAM DATE: 02/03/03   ACCESSION : 5026**
**MODALITY      : MRI**
**EXAMINATION: BRAIN WITH AND WITHOUT CONTRAST**

## INDICATION FOR SCAN:

Status post trauma.  Evaluation for temporal lobe contusion.

## TECHNIQUE:

Using the GE Signa High Field 1.5 Tesla Open-Style MRI scanner, the following sequences were obtained:
1. Axial T1, T2 and FLAIR
2. Sagittal T1
3. Coronal T2
4. Axial diffusion trace with ADC map
5. Following the intravenous administration of 20 cc of gadolinium, axial, coronal T1 weighted sequences were obtained.

## FINDINGS:

The cerebral sulci and lateral ventricles are normal for the patient's stated age.  Specifically, there is no evidence of contusion noted in the temporal lobes.  There is no evidence of mass, mass effect or abnormal enhancement.  The sella is not enlarged.  No extra-axial fluid collections are noted.  The flow-voids of the vertebral, basilar and carotid arteries are intact.  The sella is not enlarged.

There is mucosal thickening noted in the bilateral ethmoid air cells as well as the left maxillary sinus.

## IMPRESSION:

1. No evidence of intracranial mass, mass effect or hemorrhage.
2. Mucosal thickening in the bilateral ethmoid air cells and left maxillary sinus.

Thank you for referring this patient.

P. KASHFIAN, M.D.
Board Certified Radiologist
/mju


_____

Electronically signed by Paul Kashfian, M.D.

**DATE:**                    February 26, 2003

**PATIENT:**                 MALOO, CYRUS

Cyrus is improving as far as moods are concerned. The Effexor really appears to be helping him. The depression and anxiety are better. The tremors are worse. His memory impairment is still the same. He is unable to do simple arithmetic calculations, and he cannot remember 2 out of 3 items after 15 seconds let alone 2 minutes.

**PHYSICAL EXAMINATION:**

Coarse tremors in both hands are somewhat worse, and he is more subdued. His fundi are benign. Eye movements are full. Corneal reflexes are intact.

I have advised him to start Aricept samples along with the Effexor for 5 weeks. I will see him then.

                                        VIVEK SAVUR, M.D.

VS/dls
Dictated but not reviewed

FROM : ECHOESOFINDIA                FAX NO. : 8185950087              Sep. 11 2003 12:31PM  P4


## ELECTROENCEPHALOGRAM REPORT

**DATE:**                              **February 3, 2003**

**PATIENT:**                           - **MALOO, CYRUS**


**TECHNICAL SUMMARY:** This electroencephalogram was performed using the standard 10-20 electrode system with bipolar and referential montages.

The dominant background activity was in the 10-11 hertz range bilaterally symmetrical best seen over the posterior head regions and attenuated on eye opening. No focal or paroxysmal slowing or epileptiform activity is seen. Sleep was not recorded.

**CONCLUSION:** Normal awake EEG.


**VIVEK SAVUR, M.D.**

**VS/dts/lc**
Dictated but not reviewed

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
### Phoenix

| | | |
|---|---|---|
| Cyrus Keki Maloo | ) | |
|       Petitioner, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No.: 2:07−cv−01890−NVW−−JCG |
| | ) | NOTICE OF ASSIGNMENT |
| | ) | |
| Bruno Stolc | ) | |
|       Respondent. | ) | |

## NOTICE OF ASSIGNMENT

On 10/3/07 , Petitioner filed a pro se Petition which has been assigned the case number listed above. This case has been assigned to District Court Judge Neil V Wake and has been referred to Magistrate Judge Jennifer C Guerin (PS) and the Court's Legal Staff. When any action is taken in this case, you will be notified by Court order.

Richard H. Weare

District Court Executive/Clerk

cc: Petitioner

## WARNING!

Failure to comply with the following rules will result in your document being STRUCK and/or your case being DISMISSED:

(1)  You must file a Notice of Change of Address if your address changes.
(2)  You must correctly label any further documents with the above assigned caption and case number. LRCiv 7.1(a).
(3)  You must sign your name and date every document you file. FED. R. CIV. P. 11
(4)  You must provide an original and one copy of any document to be filed.(if you request a conformed copy, you must provide an original and two (2) copies). LRCiv 5.4
(5)  You must mail copies of every document you file to all respondents or their attorneys, FED. R. CIV. P. 5(a), and every document you file must include a certificate stating the date a copy of the document was mailed to respondents or their attorneys.

Cyrus Maloo
A# 29306942
Eloy Detention Center
1705 East Hanna Road
Eloy, AZ 85231

```
┌─────────────────────────────┐
│ ✓ ‾‾FILED      ___ LODGED   │
│   ‾‾RECEIVED   ___ COPY     │
│                             │
│        OCT 0 3 2007         │
│                             │
│  CLERK U S DISTRICT COURT   │
│     DISTRICT OF ARIZONA     │
│ BY_____ B DEPUTY    │
└─────────────────────────────┘
```

## UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA, Phoenix

| | |
|---|---|
| **CYRUS KEKI MALOO**<br>A# 29306942<br>         **Petitioner,**<br><br>    **vs**<br><br>**BRUNO STOLC, WARDEN,**<br>         **Respondent.** | CASE NO. <u>CV07-1890-PHX-NVW(JCG)</u><br><br>**MOTION FOR TEMPORARY RESTRAINING ORDER TO STAY FURTHER DEPORTATION PROCEEDINGS UNTIL AFTER HIS 28 U.S.C. § 2254 HAS BEEN ADJUDICATED.** |

Defendant-Petitioner Cyrus Keki Maloo (Hereinafter, "Maloo") respectfully moves this

Honorable Court for a Temporary Restraining Order until the accompanying writ of habeas

corpus pursuant to 28 U.S.C. § 2254 has been adjudicated and the issues therein resolved.  Maloo

believes that he will be successful in obtaining his freedom once a reasonable fact-finder reviews

the prejudicial events that occurred in Maloo's State Case.

There is no doubt that irreparable harm will come to Maloo should ICE, or an Immigration

Court not wait for a decision on Maloo's writ of habeas corpus or review in the State of

California, and just deport him.

Maloo is facing exile to India; a country he barely knows.  If Maloo is deported and

subsequently succeeds in his efforts to have his charge dismissed, it is probable that he will not

be able to retain his legal status in the United States.  It will take years of struggling to regain his

legal status.  In the meantime, Maloo will be distanced from his family, unable to work, and

without the medical care that he so desperately needs. (A copy of Maloo's medical records

accompanies his 2254 writ)

    For the reasons stated herein, Cyrus Maloo respectfully requests that a Temporary Restraining

Order be granted.

    Respectfully submitted this 27th day of September, 2007.

                                                        _____

                                               Cyrus Maloo, pro se


**CERTIFICATE OF SERVICE**

    A true and correct copy of the foregoing has been sent this 27th day of September, 2007 by

placing the same in the United States Mail, First Class postage prepaid for delivery to;

Bruno Stolc, Warden
Eloy Detention Center
1705 East Hanna Road
Eloy, AZ 85231

                                                        _____

                                             Cyrus Maloo


        Mailed pursuant to the "mailbox rule" of _Houston v. Lack_, 487 U.S. 266 (1988)

2

SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Cyrus Keki Maloo, | ) | No. CV 07-1890-PHX-NVW (JCG) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Warden Bruno Stolc, | ) | |
| Respondent. | ) | |

Petitioner Cyrus Keki Maloo, who is currently confined in the Eloy Detention Center (EDC) in Eloy, Arizona,[1] has filed a *pro se* "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" naming EDC Warden Bruno Stolc as Respondent.  (Doc.# 1.)[2]  Petitioner has not paid the $5.00 filing fee.  (Id.)  Petitioner challenges his criminal conviction and sentence entered in California state court.  Petitioner has also filed a "Motion for Temporary Restraining Order to Stay Further Deportation Proceedings Until After his 28 U.S.C. § 2254 Has Been Adjudicated." (Doc.# 3.)  The Court will transfer this action to the District of California pursuant to 28 U.S.C. § 1404(a) and deny the motion for a temporary restraining order.

/     /     /

/     /     /

---

[1]  Immigration and Customs Enforcement (ICE) currently has legal and physical custody of Petitioner as an immigration detainee.

[2]  "Doc.#" refers to the docket number of documents filed in this case.

**I. Background**

        Petitioner alleges the following facts. Petitioner was convicted of arson of an inhabited structure in the Superior Court of California, Northwest District pursuant to a guilty plea and sentenced to three years in prison on June 27, 2005. (Doc.# 1 at 2.) Petitioner did not file a direct appeal. ICE apparently initiated deportation proceedings against Petitioner based upon his California conviction.

**I. Motion for a Temporary Restraining Order**

        In his motion for temporary restraining order, Petitioner asks the Court to stay his deportation proceedings pending resolution of his § 2254 petition. As an initial matter, the Court has been informed by ICE General Counsel that a final order of removal has not been entered against Petitioner and that a master hearing in Petitioner's deportation proceedings is not scheduled to occur until November 1, 2007. In short, removal from the United States is not imminent.

        Further, a petitioner seeking to challenge deportation proceedings must file a petition pursuant to 28 U.S.C. § 2241. Magana-Pizano v. INS, 200 F.3d 603, 609 (9th Cir. 1999). Petitioner may not seek relief with respect to his immigration proceedings in an action brought pursuant to 28 U.S.C. § 2254. For these reasons, Petitioner's motion for a temporary restraining order will be denied.

**II. Transfer of Venue**

        A district court may transfer "any civil action to any other district or division where it might have been brought" for the convenience of the parties and witnesses or in the interest of justice. 28 U.S.C. § 1404(a). The decision to transfer under § 1404(a) lies within the discretion of the district court and should be determined based upon notions of convenience and fairness on a case-by-case basis. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).

        **A. This Action Could Have Been Brought in the District of California**

        Jurisdiction to hear a habeas corpus petition lies in any district court having jurisdiction over the petitioner's custodian. See Braden v. 30th Jud. Circuit Court of Ky, 410

1  U.S. 484, 495 (1973) (construing 28 U.S.C. § 2241(a)).  A district court can issue a habeas

2  writ "within its jurisdiction" so long as the custodian can be reached by service of process.

3  Id.  In amending the habeas corpus statutes, Congress has indicated that a habeas case should

4  be "resolved in the court which originally imposed the confinement or in the court located

5  nearest the site of the underlying controversy."  Id. at 497 (citing H. R. Rep. No. 1894, 89th

6  Cong., 2d Sess. (1966); S. Rep. No. 1502, 89th Cong., 2d Sess. (1966) U.S. Code Cong. &

7  Admin. News 1966, p. 2968; and United States v. Hayman, 342 U.S. 205 (1952)); see also

8  Ortiz-Sandoval v. Gomez, 81 F.3d 891, 895 (9th Cir. 1996) (citing Braden, 410 U.S. at 498-

9  99); McCool v. New York State, 29 F.Supp.2d 151, 158 (W.D.N.Y. 1998).

10      The conviction and sentence Petitioner challenges in this action were entered in

11  California state court.  Therefore, this § 2254 action could have originally been brought in

12  the Southern District of California.[3]

13      **B. Convenience of the Parties and Witnesses/Interests of Justice Favor Transfer**

14      Both convenience and the interest of justice will best be served by transferring this

15  case to the Southern District of California.  Petitioner was convicted and sentenced in

16  California and it is in California that relevant records and witnesses are likely to be found.

17  See Braden, 410 U.S. at 493-94.  Moreover, before any federal court could reach the merits

18  of this case, it would first have to resolve the threshold issue of whether Petitioner has

19  exhausted his state court remedies; a federal court in the Southern District of California will

20  be more familiar with that State's laws and procedures.  See id., at 499.  Further, the State

21  of Arizona has no interest in the subject matter of this case, whereas the State of California

22  has a strong interest in the subject matter.  See Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir.

23  1987) (a litigant's choice of forum is entitled to only minimal consideration "if the operative

24  facts have not occurred within the forum and the forum has no interest in the parties or the

25  subject matter").

26  /    /    /

27  _____

28  [3] If Petitioner is no longer "in custody" pursuant to a state court judgment, he may not
seek relief under 28 U.S.C. § 2254.

- 3 -

1  **IT IS ORDERED**:

2    (1)    The Motion for Temporary Restraining Order is **denied**. (Doc.# 3.)

3    (2)    The Petition must be transferred to the United States District Court for the

4  District of California pursuant to 28 U.S.C. § 1404(a). (Doc.# 1.)

5    DATED this 5th day of October, 2007.

6

7    _____

      Neil V. Wake

8    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

# UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA
### OFFICE OF THE CLERK

**RICHARD H. WEARE**
DISTRICT COURT EXECUTIVE / CLERK OF COURT
SANDRA DAY O'CONNOR U. S. COURTHOUSE,
SUITE 130
401 WEST WASHINGTON STREET, SPC 1
PHOENIX, ARIZONA 85003-2118

*Visit our website at www.azd.uscourts.gov*

**RONNIE HONEY**
CHIEF DEPUTY CLERK
SANDRA DAY O'CONNOR U. S. COURTHOUSE,
SUITE 130
401 WEST WASHINGTON STREET, SPC 1
PHOENIX, ARIZONA 85003-2118

**WILLIAM M. MCCOOL**
CHIEF DEPUTY CLERK
EVO A. DECONCINI U.S. COURTHOUSE
405 W. CONGRESS, SUITE 1500
TUCSON, ARIZONA 85701-5010

October 22, 2007

United States District Court
Southern District of California
4290 Edward J. Schwartz United States Courthouse
940 Front Street
San Diego, CA 92101

Dear Clerk,

RE:    CV 07-1890-PHX-NVW

Pursuant to the order of this court, the above captioned case is being transferred to your Court for all further proceedings. Enclosed is certified copy of the transfer order and docket sheet. The complete case file may be accessed via our website at: www.azd.uscourts.gov.

Please acknowledge receipt of the same and indicate your district's case number on the enclosed copy of this letter and return. Thank you.

Sincerely,

RICHARD H. WEARE, Clerk/DCE

 S/ K. Gerchar
K. Gerchar, Deputy Clerk

cc: all counsel

Receipt is acknowledged of the documents described herein.

New Case Number:_____

Deputy Clerk

---

*The staff of the Clerk's Office ensures the effective, efficient and professional delivery of clerical and administrative services, while fostering a customer-friendly and employee-friendly environment.*

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

### Cyrus Keki Maloo

**DEFENDANTS**

### Bruno Stolc

FILED
OCT 2 3 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

**Cyrus Keki Maloo    A#29306942**
**DC-Eloy Detention Center**
**1705 E. Hanna Road**
**Eloy, AZ 85231**

ATTORNEYS (IF KNOWN)

'07 CV 2057 JAH (LSP)

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**
(For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

### 28 U.S.C. 2254

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 791 Empl. Ret. Inc. | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE

Docket Number

DATE 10/3/07

SIGNATURE OF ATTORNEY OF RECORD