# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYRUS KEKI MALOO,<br><br>　　　　　　　Petitioner,<br><br>vs.<br><br>BRUNO STOLC, Warden,<br><br>　　　　　　　Respondent. | Civil No.   07cv2057-JAH (LSP)<br><br>**ORDER TRANSFERRING ACTION TO UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION** |

　　　　On October 3, 2007, Petitioner, an Arizona state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Arizona. Petitioner challenges a conviction from the Los Angeles County Superior Court in Van Nuys, California. The Arizona District Court transferred the Petition to the Southern District of California on the basis that venue for such a challenge is proper in the district where the conviction occurred. However, because the conviction occurred in Los Angeles County, proper venue for the Petition lies in the District Court for the Central District of California, not the Southern District. In accordance with the practice of district courts in California, the Court transfers the Petition to the United States District Court for the Central District of California, Western Division.

　　　　A petition for writ of habeas corpus may be filed in the United States District Court of the judicial district in which the petitioner is presently confined or the judicial district in which

he was convicted and sentenced. See 28 U.S.C. § 2241(d); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 497 (1973). Petitioner here attacks a conviction suffered in the Los Angeles County Superior Court, Northwest Division, in Van Nuys, California. (Pet. at 1.) That court is located in Los Angeles County, which is within the jurisdictional boundaries of the United States District Court for the Central District of California, Western Division. See 28 U.S.C. § 84(c)(2). Petitioner is presently confined at the Eloy Detention Center in Eloy, Arizona. That prison is located within the jurisdictional boundaries of the United States District Court for the District of Arizona. See 28 U.S.C. § 82. Jurisdiction over this Petition thus exists in the Central District of California, Western Division, and in the District of Arizona. See 28 U.S.C. § 2241(d).

Although this Court does not have jurisdiction over the action, "[u]nder a provision of the Federal Courts Improvement Act, 28 U.S.C. § 1631, if a court finds that there is a want of jurisdiction the court shall transfer the action to any other such court in which the action could have been brought 'if it is in the interest of justice.'" Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990) (citing In re McCauley, 814 F.2d 1350, 1351-52 (9th Cir. 1987)). The Ninth Circuit has held that transferring a habeas corpus proceeding to a district with proper jurisdiction will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is "time-consuming and justice-defeating." Miller, 905 F.2d at 262 (quoting Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962). Therefore, pursuant to 28 U.S.C. § 1631, this Court may transfer this proceeding to a district with proper jurisdiction under 28 U.S.C. § 2241(d). It is generally the practice of the district courts in California to transfer habeas actions challenging a state conviction to the district in which a petitioner was convicted. Any and all records, witnesses and evidence necessary for the resolution of a petitioner's contentions

/ / /
/ / /
/ / /
/ / /
/ / /

1 are more readily available in that district.  See Braden, 410 U.S. at 497, 499 n.15; Laue v.
2 Nelson, 279 F. Supp. 265, 266 (N.D. Cal. 1968).  In this case, that district is the Central District
3 of California, Western Division.  Therefore, in the furtherance of justice,

**IT IS ORDERED** that the Clerk of this Court transfer this matter to the United States District Court for the Central District of California, Western Division. See 28 U.S.C. § 2241(d).

**IT IS FURTHER ORDERED** that the Clerk of this Court serve a copy of this Order upon Petitioner and upon the California Attorney General.

DATED:    November 5, 2007

HON. JOHN A. HOUSTON
United States District Judge